**The Honorable James L. Robart**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
OF WASHINGTON
AT SEATTLE

CAROL JONES,

Plaintiff,

v.

Officer TODD SLADE, Former Chief of Police ERIC OLSEN, and THE CITY OF KIRKLAND AND ITS POLICE DEPARTMENT,

Defendants.

No. 2:17-cv-00680-JLR

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 1
2:17-cv-00680-JLR
1002-01194/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

-    Police Department Personnel Files for Officer Slade.

-    Medical and Employment Records of Plaintiff, Carol Jones

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 2
2:17-cv-00680-JLR
1002-01194/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1 this litigation;

2      (b)    the officers, directors, and employees (including in-house counsel) of
3 the receiving party to whom disclosure is reasonably necessary for this litigation, unless the
4 parties agree that a particular document or material produced is for Attorney's Eyes Only
5 and is so designated;

6      (c)    experts and consultants to whom disclosure is reasonably necessary
7 for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
8 (Exhibit A);

9      (d)    the court, court personnel, and court reporters and their staff;

10      (e)    copy or imaging services retained by counsel to assist in the
11 duplication of confidential material, provided that counsel for the party retaining the copy
12 or imaging service instructs the service not to disclose any confidential material to third
13 parties and to immediately return all originals and copies of any confidential material;

14      (f)    during their depositions, witnesses in the action to whom disclosure
15 is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be
16 Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the
17 court. Pages of transcribed deposition testimony or exhibits to depositions that reveal
18 confidential material must be separately bound by the court reporter and may not be
19 disclosed to anyone except as permitted under this agreement;

20      (g)    the author or recipient of a document containing the information or a
21 custodian or other person who otherwise possessed or knew the information.

22     4.3    Filing Confidential Material.    Before filing confidential material or
23 discussing or referencing such material in court filings, the filing party shall confer with the
24 designating party to determine whether the designating party will remove the confidential
25 designation, whether the document can be redacted, or whether a motion to seal or
26 stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures

27 STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 3
2:17-cv-00680-JLR
1002-01194/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   that must be followed and the standards that will be applied when a party seeks permission

2   from the court to file material under seal.

3   5. DESIGNATING PROTECTED MATERIAL

4       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

5   party or non-party that designates information or items for protection under this agreement

6   must take care to limit any such designation to specific material that qualifies under the

7   appropriate standards. The designating party must designate for protection only those parts

8   of material, documents, items, or oral or written communications that qualify, so that other

9   portions of the material, documents, items, or communications for which protection is not

10  warranted are not swept unjustifiably within the ambit of this agreement.

11      Mass, indiscriminate, or routinized designations are prohibited. Designations that

12  are shown to be clearly unjustified or that have been made for an improper purposed (e.g.,

13  to unnecessarily encumber or delay the case development process or to impose unnecessary

14  expenses and burdens on other parties) expose the designating party to sanctions.

15      If it comes to a designating party's attention that information or items that it

16  designated for protection do not qualify for protecting, the designating party must promptly

17  notify all other parties that it is withdrawing the mistaken designation.

18      5.2    Manner and Timing of Designations. Except as otherwise provided in this

19  agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

20  or ordered, disclosure or discovery material that qualifies for protection under this

21  agreement must be clearly so designated before or when the material is disclosed or

22  produced.

23          (a)    Information in documentary form: (e.g., paper or electronic

24  documents and deposition exhibits, but excluding transcripts of depositions or other pretrial

25  or trial proceedings). The designating party must affix the word "CONFIDENTIAL" to

26  each page that contains confidential material. If only a portion or portions of the material

27

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 4
2:17-cv-00680-JLR
1002-01194/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1   on a page qualifies for protection, the producing party also must clearly identify the
2   protected portion(s) (e.g., by making appropriate markings in the margins).

3           (b)     Testimony given in deposition or in other pretrial or trial
4   proceedings: the parties must identify on the record, during the deposition, hearing, or other
5   proceedings, all protected testimony, without prejudice to their right to so designate other
6   testimony after reviewing the transcript.   Any party or non-party may, within fifteen (15)
7   days after receiving a deposition transcript, designate portions of the transcript, or exhibits
8   thereto, as confidential.

9           (c)     Other tangible items: the producing party must affix in a prominent
10  place on the exterior of the container or containers in which the information or item is
11  stored the word "CONFIDENTIAL."   If only a portion or portions of the information or
12  item warrant protection, the producing party, to the extent practicable, shall identify the
13  protected portion(s).

14          5.3     Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure
15  to designate qualified information or items does not, standing alone, waive the designating
16  party's right to secure protection under this agreement for such material.   Upon timely
17  correction of a designation, the receiving party must make reasonable efforts to ensure that
18  the material is treated in accordance with the provisions of this agreement.

19  6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

20          6.1     Timing of Challenges.   Any party or non-party may challenge a designation
21  of confidentiality at any time.   Unless a prompt challenge to a designating party's
22  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,
23  unnecessary economic burdens, or a significant disruption or delay of the litigation, a party
24  does not waive its right to challenge a confidentiality designation by electing not to mount a
25  challenge promptly after the original designation is disclosed.

26          6.2     Meet and Confer.   The parties must make every attempt to resolve any

27

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  dispute regarding confidential designations without court involvement.   Any motion
2  regarding confidential designations or for a protective order must include a certification, in
3  the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet
4  and confer conference with other affected parties in an effort to resolve the dispute without
5  court action.   The certification must list the date, manner, and participants to the
6  conference.  A good faith effort to confer requires a face-to-face meeting or a telephone
7  conference.

8        6.3    Judicial Intervention.  If the parties cannot resolve a challenge without court
9  intervention, the designating party may file and serve a motion to retain confidentiality
10  under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The
11  burden of persuasion in any such motion shall be on the designating party.  Frivolous
12  challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary
13  expenses and burdens on other parties) may expose the challenging party to sanctions.  All
14  parties shall continue to maintain the material in question as confidential until the court
15  rules on the challenge.

16  **7. PROTECTED MATERIAL SUBPOENAED OR ORDER PRODUCED IN OTHER**
17  **LITIGATION**

18        If a party is served with a subpoena or a court order issued in other litigation that
19  compels disclosure of any information or items designated in this action as
20  "CONFIDENTIAL," that party must:

21        (a)    promptly notify the designating party in writing and include a copy of the
22  subpoena or court order;

23        (b)    promptly notify in writing the party who caused the subpoena or order to
24  issue in the other litigation that some or all of the material covered by the subpoena or order
25  is subject to this agreement.  Such notification shall include a copy of this agreement; and

26        (c)    cooperate with respect to all reasonable procedures sought to be pursued by

27  
STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 6
2:17-cv-00680-JLR
1002-01194/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    the designating party whose confidential material may be affected.

2    8. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

3    MATERIAL

4    When a producing party gives notice to receiving parties that certain inadvertently

5    produced material is subject to a claim of privilege or other protection, the obligations of

6    the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(b).  This

7    provision is not intended to modify whatever procedure may be established in an e-

8    discovery order or agreement that provides for production without prior privilege review.

9    Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10    9. NON-TERMINATION AND RETURN OF DOCUMENTS

11    Within 60 days after the termination of this action, including all appeals, each

12    receiving party must return all confidential material to the producing party, including all

13    copies, extracts and summaries thereof.  Alternatively, the parties may agree upon

14    appropriate methods of destruction.

15    Notwithstanding this provision, counsel are entitled to retain one archival copy of

16    all documents filed with the court; trial, deposition, and hearing transcripts;

17    correspondence; deposition and trial exhibits; expert reports; attorney work product; and

18    consultant and expert work product, even if such material contains confidential material.

19    The confidentiality obligations imposed by this agreement shall remain in effect

20    until a designating party agrees otherwise in writing or a court orders otherwise.

21    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22    DATED:  October 6, 2017

23    LAW OFFICE OF KIRK C. DAVIS, PLLC

24

25    *s/ Kirk C. Davis*
      Kirk C. Davis, WSBA #21461

26

27

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2
      DATED:  October 6, 2017

3
                   KEATING, BUCKLIN & McCORMACK, INC., P.S.

4

5
                   By: */s/ Jeremy W. Culumber*
                   Jeremy W. Culumber, WSBA #35423

6
                   Attorneys for Defendants

7
                   801 Second Avenue, Suite 1210
                   Seattle, WA  98104-1576

8
                   Phone: (206) 623-8861

9
                   Fax:    (206) 223-9423
                   Email: jculumber@kbmlawyers.com

10

11
PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13

14
DATED: October 11, 2017             _____

15
                   The Honorable James L. Robart
                   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 8
2:17-cv-00680-JLR
1002-01194/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, Kirk C. Davis . of Law Office of Kirk C. Davis, 1218 Third Ave., Suite 1000, Seattle, WA 98101 declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of Jones v. Slade 2:17-cv-00680-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: 10.6.17

City and State where sworn and signed: Seattle, WA

Printed name: Kirk Davis

Signature: _____

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 9
2:17-cv-00680-JLR
1002-01194/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on October 6, 2017, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to

4   the following:

5   **Attorneys for Attorney for Plaintiff**

6   Kirk C. Davis, WSBA #21461
    LAW OFFICE OF KIRK C. DAVIS, PLLC
7   1218 Third Ave., Ste. 1000
8   Seattle, WA  98101
    Telephone:  (206) 684-9339
9   Fax:  (206) 260-3685
    Email:  kirk@kirkdavislaw.com
10

11

12   and I hereby certify that I have mailed by United States Postal Service the document to the

13   following non CM/ECF participants:

14

15   N/A

16   DATED:  October 6, 2017

17

18                                          /s/ Jeremy W. Culumber
19                                          Jeremy W. Culumber, WSBA #35423
                                            Attorney for Defendants
20                                          801 Second Avenue, Suite 1210
                                            Seattle, WA  98104-1518
21                                          Phone: (206) 623-8861
                                            Fax:    (206) 223-9423
22                                          Email: jculumber@kbmlawyers.com

23

24

25

26

27
STIPULATION AND [PROPOSED] PROTECTIVE
ORDER - 10
2:17-cv-00680-JLR
1002-01184/2017.10.06 Stipulated Protective Order.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423